UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Anita L. Mastin,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-3337

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Magistrate Judge Deavers, to whom this case was referred, issued a Report and Recommendation ("R&R") recommending the Court overrule Anita L. Mastin's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") decision denying benefits in this social security case. R&R, ECF No. 27. Plaintiff objects. Obj., ECF No. 28. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

### I.    STANDARD OF REVIEW

Because the R&R was issued pursuant to Federal Rule of Civil Procedure 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II. ANALYSIS

Plaintiff raised two issues in her Statement of Specific Errors: (1) the administrative law judge ("ALJ") failed to offer good reasons for according less than controlling weight to Plaintiff's treating physician's opinion; and (2) the ALJ failed to appropriately account for Plaintiff's gastrointestinal issues in the Residual Functional Capacity ("RFC") analysis. Stmt. Specific Errors 9–16, ECF No. 23.

The Magistrate Judge recommends rejecting both of Plaintiff's contentions, R&R 17–23, ECF No. 27, and Plaintiff objects only as to her second contention. Obj. 2–3, ECF No. 28. Accordingly, the Court considers only whether the ALJ failed to appropriately account for Plaintiff's gastrointestinal issues in the RFC analysis.

On objection, Plaintiff argues that the ALJ concluded that Plaintiff's irritable bowel syndrome ("IBS")[1] amounted to a severe impairment but failed to adequately account in the RFC for the limitations caused by that impairment. Obj. 2–3, ECF No. 28. Specifically, Plaintiff says the ALJ found that Plaintiff must have two additional bathroom breaks, of no more than five minutes each, both before and after lunch or meal breaks, but failed to explain how he arrived at such a requirement or how such a requirement adequately accounts for the limitations caused by her IBS. *Id.*

---

[1] Although Plaintiff refers to IBS in her objection, she and the ALJ apparently often lumped together IBS and Crohn's Disease when discussing Plaintiff's gastrointestinal issues. The Court also considers both conditions in the objection.

First, Plaintiff's contention that the ALJ concluded Plaintiff's IBS itself amounted to a severe impairment is incorrect. The ALJ noted that the *combination* of IBS, cardiomyopathy, arrhythmia, rheumatoid arthritis, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease, obesity, anxiety, and depression amounted to a severe impairment and caused "more than minimal limitation in [her] ability to perform basic work activities." A.R. at PAGEID ## 56–57. With respect to Plaintiff's gastrointestinal issues, however, the ALJ concluded that her Crohn's disease had significantly improved from 2003 to December 1, 2016, to the point that, as of March 2017, it was in "deep remission." A.R. at PAGEID # 53–54. He also noted that Plaintiff did not take biologic therapy to treat her Crohn's, did not require the use of adult undergarments, and did not seek any follow-up treatment. *Id.* at PAGEID # 56. The ALJ therefore concluded that, as of December 1, 2016, her Crohn's disease no longer met or medically equaled listing 5.06, and the symptoms caused by her Crohn's disease were not as serious as alleged. *Id.* at 52–54, 56.

Nonetheless, the ALJ accommodated Plaintiff's gastrointestinal issues by including extra bathroom breaks in the RFC. A.R. at PAGEID # 57. This accommodation comports with Plaintiff's self-reports that her Crohn's disease flares up in the morning, causing her to use the restroom *up to* four times before noon and *up to* ten times daily, A.R. at PAGEID # 310, 331–32, 340, but also

accounts for the ALJ's conclusion that Plaintiff's self-reported symptoms were exaggerated. *Id.* at 56, 58, 60.

Importantly, Plaintiff fails to argue—let alone support—that any additional or different accommodation was necessary. *See generally*, Obj., ECF No. 28. In her Statement of Specific Errors, Plaintiff states that her gastrointestinal issues caused a need for more than two additional bathroom breaks, and she cited a 2011 record and a 2017 record for support. Stmt. Specific Errors 15, ECF No. 23 (citing A.R. at PAGEID ## 592, 1552). However, the ALJ correctly found that Plaintiff's gastrointestinal issues improved since the 2011 record, and the 2017 record contained no recommendations regarding limitations caused by Plaintiff's gastrointestinal issues. Rather, it was simply a record from Plaintiff's initial visit establishing care for her Crohn's disease with a new doctor because she had moved out-of-state. A.R. at PAGEID # 1552. In any event, Plaintiff did not maintain on objection that the RFC should have included more than two additional restroom breaks.

Because the ALJ's decision adequately accounts for Plaintiff's self-reported symptoms while reflecting the ALJ's analysis that those reports were exaggerated, and because Plaintiff has failed to identify a single citation to record evidence suggesting her gastrointestinal issues resulted in a different or additional limitation that the ALJ excluded from the RFC, the Court **OVERRULES** her objection.

### III. CONCLUSION

The Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, **AFFIRMS** the Commissioner's decision, and **OVERRULES** Plaintiff's Statement of Specific Errors.  The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**